[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal is from the action of the Southington Probate Court admitting to Probate the Last Will and Testament of John W. Klein, dated August 7, 1990.
The court finds that the appellants were beneficiaries in the prior Will of John W. Klein, dated April 11, 1990, and that they are not beneficiaries in the present Will of John W. Klein dated August 7, 1990, which was admitted to Probate by the Southington Probate Court.
The court finds that the appellants are aggrieved and have standing to proceed with this appeal.
In brief, the factual situation concerns two wills executed by the decedent, John W. Klein, one on April 11, 1990, and the other on August 7, 1990.
The August will was admitted to probate, whereas the court denied admittance of the April will. The appellants are beneficiaries in the April will but not in the August will that was admitted to probate.
The appellants contend that the August will was improperly CT Page 9532 admitted to probate.
The appellants point out that after the execution of the April will the testator, John W. Klein, was hospitalized with temporary aphasia secondary to ischemic heart disease. He was discharged from Bradley Memorial Hospital on June 8, 1990 and admitted to the Southington Care Manor on the same day. On June 25, 1990, he left the Southington Care Manor to return to his home where he lived alone. He had no close relatives who could care for him and provide him with the day to day assistance he required.
Further, the appellants contend that Klein deteriorated mentally during the period after the execution of the April will and to the time of the execution of the August will. They point to his leaving the Southington Care Manor even though his physician suggested he remain. He returned to his home where he lived alone with no arrangements for his day to day care. They point to his actions in accusing the plaintiff, Helen Michanczyk's son of entering his (Klein's) home and taking items. These items were later found in his (Klein's) home, that these actions all point to mental instability.
Further, Klein's actions of verbally harassing Helen Michanczyk's family is indicative of Klein's deteriorated mental state.
The appellees, as proponents of the will, do not deny that Klein had physical problems and that his mental condition had deteriorated somewhat in keeping with his age of 88 years. However, they point out that at the time of execution of the August 7, 1990 will Klein was observed by Attorney Carl Sokolowski. That the will and its provisions were discussed in detail between them. That Attorney Sokolowski felt Klein was of sound mind sufficient for execution of the will. That Klein's physician, Dr. Eugene D'Angelo, did not note anything that indicated an inability by Klein to understand and consent to surgical and medical procedures. When Klein decided to leave the Southington Care Manor the doctor raised no objections to Klein making that decision, even though he felt Klein would be better off remaining at the Manor.
The court after review of the transcripts of the Probate Court hearing, the exhibits presented there and after hearing argument by counsel, finds: CT Page 9533
The testator, John W. Klein, was 88 years old at the time of the execution of his August 7, 1990 will. That he had infirmaries, both physical and mental consistent with his 88 years. That these physical infirmaries resulted in his hospitalizations for treatment. That he was in the need of some day to day care but did not need daily assistance. That he was aware of family relationships and disposed of his estate to those relatives who were of assistance to him. That although he accused the appellant, Helen Michanczyk's son of taking items from his home when an item seemed to be missing, this appeared to be the only action on his part that was not a product of logical reason. It appeared to be based upon emotion. He would stand at his window yelling accusations at Michanczyk's son. This took place after the appellant, Helen Michanczyk, notified Klein that she would no longer provide assistance and care to him. Thus, this may have been his way of reacting towards Helen Michanczyk for breaking off their relationship.
That, Klein, disposing of his estate through the August 7, 1990 will, considered those of his relatives that actively assisted him during his period of hospitalizations and recuperation. He specifically left out his sister from his will after being informed that she would not directly benefit because she was on Title 19. That his niece, Rita Henry, did not visit or assist him so was not mentioned in the will. And, that his neighbor, Helen Michanczyk, was not a relative so she was not included in his will.
That, the beneficiaries of his will, Margaret and Sophie Gregerick, did assist Klein, both with his day to day needs as well as handling his financial affairs. However, there was no evidence that either or both attempted to or did in fact exert any improper influence on Klein in the execution of his will. That, the testator, John W. Klein, did execute his will on August 7, 1990 and that it was his free act and deed, that, he was of sufficient mental capacity to understand the terms and dispositions set out in his will and that it represented his free and voluntary intent.
Therefore, the court enters the following Decree: that the document entitled Last Will and Testament duly executed by the testator, John W. Klein, on August 7, 1990 is his last Will and Testament and may be admitted to probate at the Southington Probate Court. CT Page 9534
JULIUS J. KREMSKI STATE TRIAL REFEREE